UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WHITEN, : | |
|               Petitioner, : | |
| : | |
|             v. : | No. 24-cv-3516 |
| : | |
| PA PAROLE BOARD, : | |
| SUPERINTENDENT J. RIVELLO, THE : | |
| DISTRICT ATTORNEY OF THE : | |
| COUNTY OF PHILADELPHIA; AND THE: | |
| ATTORNEY GENERAL OF THE STATE : | |
| OF PENNSYLVANIA, : | |
|               Respondents. : | |

**O R D E R**

**AND NOW**, this 16th day of October, 2025, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1; Respondents' Answer, ECF No. 7; Petitioner's Motion to Object, ECF No. 18; the Report and Recommendation ("R&R") issued by Magistrate Judge Pamela A. Carlos on August 26, 2025, ECF No. 19, which concluded that the Parole Board's decision to deny Petitioner parole was neither arbitrary nor constitutionally impermissible and did not violate Petitioner's right to substantive due process; and in the absence of objections to the R&R, **IT IS HEREBY ORDERED THAT**:

    1.    The Report and Recommendation, ECF No. 19, is **APPROVED and ADOPTED**.[1]

---

[1] When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of the V.I. v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010). The district court may accept, reject, or

2. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** and **DISMISSED**.

3. Petitioner's Motion to Object, ECF No. 18, is **DENIED**.[2]

4. There is no basis for the issuance of a certificate of appealability.[3]

5. The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C).

[2] Petitioner filed a Motion to Object on August 12, 2025. *See* ECF No. 18. The Magistrate Judge construed the Motion as a reply brief because Petitioner filed the Motion within the timeframe provided to file a reply brief and before the Magistrate Judge issued the R&R. *See* R&R 3 n.5, ECF No. 19; *see also* ECF No. 17 (extending the reply deadline to August 14, 2025). This Court also finds the Motion is a reply brief and is not an objection to the R&R.

[3] A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This Court finds that jurists of reason would not find this Court's assessment of the constitutional claims debatable or wrong. *See id.*